**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOHN DOE,

                        Plaintiff,

- against -

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a/ COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, AND INDIVIDUAL DOES 1-10.

                        Defendants.

Case No. 24-cv-07973 (RA)

**ORAL ARGUMENT REQUESTED**

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS THE COMPLAINT AGAINST**
**THE COMBS DEFENDANTS**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600
*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CEOpCo, LLC d/b/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

## TABLE OF CONTENTS

                                                                                                                                                        **Page**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTS ALLEGED IN THE COMPLAINT ............................................................................. 2

STANDARD OF REVIEW ....................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

       I.      PLAINTIFF'S CLAIM IS UNTIMELY UNDER THE APPLICABLE
                  NEW YORK STATUTE OF LIMITATIONS ....................................................... 3

       II.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COMPANY
                  DEFENDANTS ...................................................................................................... 5

CONCLUSION........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbott Laboratories v. Feinberg*,
  No. 21-45, 2023 WL 19076 (2d Cir. Jan. 3, 2023) ................................................................... 4

*Adorno v. Corr. Servs. Corp.*,
  312 F. Supp. 2d 505 (S.D.N.Y. 2004) ...................................................................................... 8

*AJ Energy LLC v. Woori Bank*,
  No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) .................................... 3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 2, 3

*Atuahene v. City of Hartford*,
  10 F. App'x 33 (2d Cir. 2001) .................................................................................................. 5

*Bardwil Indus. Inc. v. Kennedy*,
  No. 19 CIV. 8211 (NRB), 2020 WL 2748248 (S.D.N.Y. May 27, 2020) ................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 2, 3

*C.Q. v. Est. of Rockefeller*,
  No. 20-cv-2205 (VSB), 2021 WL 4942802 (S.D.N.Y. Oct. 21, 2021) ..................................... 8

*Capak v. Epps*,
  No. 18-cv-4325 (RA) (KHP), 2020 WL 2543092 (S.D.N.Y. Apr. 7, 2020) ............................. 3

*Cronin v. Hertz Corp.*,
  818 F.2d 1064 (2d Cir.1987) .................................................................................................... 8

*Dana v. Idaho Dep't of Corr.*,
  No. 23-35047, 2024 WL 2862581 (9th Cir. June 6, 2024) ....................................................... 6

*Doe v. Alsaud*,
  12 F. Supp. 3d 674 (S.D.N.Y. 2014) .................................................................................... 6, 8

*Doe v. New York City Dep't of Educ.*,
  No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023) .............................................. 6

*Farmers Ins. Grp. v. Cnty. of Santa Clara*,
  11 Cal. 4th 992 (1995) .............................................................................................................. 7

*Forest Park Pictures v. Universal Television Network, Inc.*,
  683 F.3d 424 (2d Cir. 2012) ..................................................................................................... 3

*Ghartey v. St. John's Queens Hosp.*,
  869 F.2d 160 (2d Cir. 1989) ................................................................................................. 3

*Giunta v. Dingman*,
  893 F.3d 73 (2d Cir. 2018) ................................................................................................... 2

*Glob. Fin. Corp. v. Triarc Corp.*,
  93 N.Y.2d 525 (1999) .......................................................................................................... 4

*Goldberg v. Sulzberger-Rolfe, Inc.,*
  212 A.D.2d 408 (1st Dep't 1995) ......................................................................................... 9

*Ji v. Naver Corp.*,
  No. 21-cv-05143-HSG, 2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ................................ 6

*Juarez v. Boy Scouts of Am.*,
  81 Cal. 4th 377 (2000) .......................................................................................................... 7

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
  672 F.3d 155 (2d Cir. 2012) .................................................................................................. 6

*Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*,
  12 Cal. 4th 291 (1995) .................................................................................................. 6, 7, 8

*Milosevic v. O'Donnell*,
  89 A.D.3d 628 (1st Dep't 2011) ............................................................................................ 9

*N.X. v. Cabrini Med. Ctr.*,
  97 N.Y.2d 247 (2002) ........................................................................................................... 6

*Nesbeth v. N.Y.C. Mgmt. LLC*,
  No. 17-cv-8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019) ...................................... 5

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
  No. 12-cv-2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ................................... 5

*Stuart v. Am. Cyanamid Co.*,
  158 F.3d 622 (2d Cir. 1998) ................................................................................................. 4

*Swarna v. Al-Awadi*,
  622 F.3d 123 (2d Cir. 2010) ................................................................................................. 6

*Thomas v. Regents of Univ. of California*,
  97 Cal. App. 5th 587 (2023) ................................................................................................. 3

**Statutes**

Cal. Civ. Proc. Code § 335.1 ........................................................................................................ 4

**Rules**

CPLR § 202 ............................................................................................................................. 1, 4

CPLR § 214-j .............................................................................................................................. 4

CPLR § 215(3) ........................................................................................................................ 3, 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 2

Fed. R. Civ. P. 8(a)(2) ............................................................................................................... 5

This memorandum of law is respectfully submitted on behalf of defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CEOpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") for an order dismissing Complaint (ECF #1, the "Complaint") with prejudice.

## PRELIMINARY STATEMENT

Mr. Combs denies the entirely false and salacious claims against him in the Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial. However, because Plaintiff's claims are time-barred, this lawsuit against the Combs Defendants should be dismissed in its entirety at the pleading stage. Moreover, even if the claims were not time barred (they are), Plaintiff fails to state any basis on which the Company Defendants can be held liable.

Plaintiff's sole claim—for sexual assault under California law—is time barred. As mandated by CPLR § 202, New York's statute of limitations for assault must be applied, under which this claim is untimely. Under New York law, the statute of limitations for assault is one year; the assault is alleged to have occurred in 2022, and Plaintiff commenced this lawsuit in late 2024. Accordingly, Plaintiff's claims are time barred.

Moreover, even if Plaintiff's claims were timely (they are not), Plaintiff has utterly failed to plead a basis to hold the Company Defendants liable for his alleged assault. Under both New York and California law, a company cannot be held vicariously liable for employee acts committed

1

outside the scope of employment, which necessarily include the intentional sexual misconduct alleged here.

For these reasons, the Complaint should be dismissed in its entirety against the Combs Defendants.

## FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff alleges that he had a business relationship with Mr. Combs in which Plaintiff provided Mr. Combs with rental luxury cars and jewelry. Compl. ¶¶ 36-37. Plaintiff alleges that in 2022, he was invited to a promotional party in Los Angeles relating to the launch of Ciroc, a vodka brand promoted by Mr. Combs. *Id*. ¶¶ 1, 36-38. Plaintiff alleges that at this party, Mr. Combs "grabbed Plaintiff's genitals through his pants" while they were in a private office together. *Id*. ¶ 42. This alleged incident ended when another partygoer entered the room and intervened. *Id*. ¶ 44. Immediately thereafter, Plaintiff left the party and went home. *Id*. ¶ 45.

While the Complaint states in conclusory fashion that the assault occurred "at a party related to or referencing Combs Business," *id.* ¶ 52, Plaintiff does not allege any facts supporting a plausible inference that the party was organized by the Company Defendants or otherwise connected to their business activities. *See id.* ¶¶ 36-45. Plaintiff further does not allege that he ever had any connection to or dealings with any of the Company Defendants. *See id.*

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). The complaint must, however, plead allegations that state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

---

[1] While the Combs Defendants vehemently deny the allegations in the Complaint and will disprove them if the case proceeds to the merits, these allegations are taken as true solely for the purposes of this motion to dismiss.

2

*Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S. at 678).  It is not enough to assert mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp.*, 550 U.S. at 555.  A court "is not required to credit conclusory allegations unsupported by facts . . . or to suspend common sense in conducting its analysis."  *AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020) (internal citation omitted)

"Where the dates in a complaint show that an action is barred by a statute of limitations," a defendant may move for pre-answer dismissal on those grounds.  *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989).  "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted."  *Id*.

## ARGUMENT

### I. PLAINTIFF'S CLAIM IS UNTIMELY UNDER THE APPLICABLE NEW YORK STATUTE OF LIMITATIONS

Plaintiff's sole cause of action for "Sexual Assault and Sexual Harassment under California Law" (Compl. ¶¶ 48-52) is properly viewed as an assault claim.  There is no such thing as a common law claim for sexual harassment under California law, and Plaintiff does not identify or allege any statutory basis for bringing a sexual harassment claim.  *See Thomas v. Regents of Univ. of California*, 97 Cal. App. 5th 587, 622 (2023) ("a common law cause of action for sexual harassment . . . does not exist") (collecting cases).

Plaintiff's sole claim, for the intentional tort of assault, has a one-year statute of limitations under New York law.  *See* CPLR § 215(3); *Capak v. Epps*, No. 18-cv-4325 (RA) (KHP), 2020

3

WL 2543092, at *4 (S.D.N.Y. Apr. 7, 2020) (holding proposed amendment to complaint futile "because there is a one-year statute of limitations for claims of assault and battery under New York Law") (citing CPLR§ 215(3)), *report and recommendation adopted in* 2020 WL 2538998 (May 19, 2020) (Abrams, J.).  Because all of the alleged misconduct occurred in 2022, this claim, filed in 2024, is untimely under New York law.[2]

Plaintiff invokes California law in bringing this claim, in an apparent attempt to take advantage of California's longer statute of limitations, which is two years for an assault claim.  *See* Cal. Civ. Proc. Code § 335.1.

However, the New York, and not the California, statute of limitations applies here.  This is because "a federal court sitting in New York must apply the New York choice-of-law rules and statutes of limitations."  *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998); *accord Abbott Laboratories v. Feinberg*, No. 21-45, 2023 WL 19076, at *2 (2d Cir. Jan. 3, 2023).  The New York federal courts will generally "apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York."  *Stuart*, 158 F.3d at 627.  The exception to this rule is where the foreign statute of limitations is ***shorter*** than New York's statute of limitations, in which case the shorter foreign period will be applied to prevent forum-shopping.  *See id.* (citing the borrowing statute CPLR § 202).  Where, as here, the foreign statute of limitations is ***longer***, the New York statute of limitations must be applied.  *Id.*; *see also Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999) ("When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.").

---

[2]  The Adult Survivors Act, which revived certain time-barred claims relating to sexual assault, does not apply to Plaintiff's claims because they were filed outside of the revival window, which ended on November 24, **2023**.  *See* CPLR § 214-j.

Accordingly, Plaintiff's claims must be denied as untimely under the applicable New York laws.

## II. PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COMPANY DEFENDANTS

Even if Plaintiff's sole assault claim were not time-barred (it is), Plaintiff has not alleged any facts that could support holding the Company Defendants liable for Mr. Combs' alleged commission of this intentional tort.

Plaintiff's sole alleged bases for liability against the Company Defendants are that 1) the alleged sexual assault occurred "at a party related to or referencing Combs Business;" and 2) that all Company Defendants "had and/or should have had knowledge" of Mr. Combs' alleged pattern of assaulting women at parties. Compl. ¶ 52.

As an initial matter, the failure to distinguish between any of the Company Defendants alone warrants dismissal of the claims against them. Under Federal Civil Rule of Procedure Rule 8(a)(2), a complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Accordingly, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12-cv-2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012). A complaint may not simply "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene*, 10 F. App'x at 34; *accord Nesbeth v. N.Y.C. Mgmt. LLC*, No. 17-cv-8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019). Accordingly, where, as here, "not a single allegation specifies which defendant engaged in what misconduct," dismissal for impermissible group pleading is warranted. *Bardwil Indus. Inc. v. Kennedy*, No. 19-cv-8211 (NRB), 2020 WL

5

2748248, at *3 (S.D.N.Y. May 27, 2020); *see also Dana v. Idaho Dep't of Corr.*, No. 23-35047, 2024 WL 2862581, at *1 (9th Cir. June 6, 2024) (upholding dismissal of complaint for "impermissible 'group pleading'" that lumped multiple "defendants into broad groups and fail[ed] to plausibly allege how any particular defendant's behavior was unlawful"); *Ji v. Naver Corp.*, No. 21-cv-05143-HSG, 2022 WL 4624898, at *6 (N.D. Cal. Sept. 30, 2022) (dismissing complaint that "repeatedly raise[d] allegations against undifferentiated groups of defendants, without specifying what entity or entities supposedly took what particular actions" because such "group pleading is not sufficient to put [d]efendants on notice of the claims against them").

Plaintiff's conclusory allegations would be insufficient even if they had been properly individualized by defendant, because Plaintiff does not and cannot plausibly allege any basis for vicarious liability. Under both New York and California law, an employer may only be held responsible for the acts of its employees committed "within the scope of employment." *N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002); *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 296-97 (1995) ("an employer is vicariously liable for the torts of its employees committed within the scope of the employment . . . the employer will not be held liable for an assault or other intentional tort that did not have a causal nexus to the employee's work ").[3]

Under New York law, sexual misconduct "arise[s] from personal motives and do[es] not further an employer's business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144-45 (2d Cir. 2010); Therefore, "sexual misconduct is necessarily outside the scope of employment." *Doe v. New York City Dep't of Educ.*, No. 21-cv-4332, 2023 WL 2574741, at *5 (E.D.N.Y. Mar. 20, 2023); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014) (dismissing respondeat superior claim against

---

[3]    Regardless of whether New York or California law governs the merits of Plaintiff's assault claim against the Company Defendants, the Court may apply New York law because there is no conflict between them. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012).

employer and noting that "[n]o decision in New York has been cited to date in which the doctrine of respondeat superior was held to apply to sexual assault").

Similarly, under California law, "a sexual tort will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions." *Lisa M.*, 12 Cal. 4th at 297.  Accordingly, "[i]f the assault was not motivated or triggered off by anything in the employment activity but was the result of only propinquity and lust, there should be no liability." *Id*. (holding that hospital was not vicariously liable for alleged sexual assault by medical technician during patient examination); *see also Juarez v. Boy Scouts of Am.*, 81 Cal. 4th 377, 394 (2000) (courts "have consistently held that under the doctrine of respondeat superior, sexual misconduct falls outside the course and scope of employment and should not be imputed to the employer").

Here, there are no allegations that even arguably place Mr. Combs' alleged assault within the scope of his employment by the Company Defendants.  Plaintiff does not allege that the Company Defendants had anything to do with organizing or overseeing the private party hosted by Mr. Combs at which the alleged assault occurred.  Nor does Plaintiff allege that he ever had any interactions or business with any of the Company Defendants.  And Plaintiff does not and cannot allege, as he must, that sexual assault bears any conceivable connection to the business of promoting Ciroc vodka.  *See Lisa M.*, 12 Cal. 4th at 297 (respondeat superior liability must be "foreseeable from the employee's duties" and therefore "should apply only to the types of injuries that as a practical matter are sure to occur in the conduct of the employer's enterprise") (cleaned up); *Farmers Ins. Grp. v. Cnty. of Santa Clara*, 11 Cal. 4th 992, 1003 (1995) ("[W]here the question is one of vicarious liability, the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer.").

7

Even if the Amended Complaint alleged facts supporting an inference that Mr. Combs exploited his affiliation with the Company Defendants to commit the alleged assault (it does not), this would still not alter the fact that sexual assault cannot be imputed to the company. An employee's abuse of perks or privileges bestowed by an employer does not render personally-motivated misconduct within the scope of employment. *See C.Q. v. Est. of Rockefeller*, No. 20-cv-2205 (VSB), 2021 WL 4942802, at *2-4 (S.D.N.Y. Oct. 21, 2021) (employee's misuse of employer's apartment to engage in sexual abuse could not be imputed to employer); *Lisa M.*, 12 Cal. 4th at 302 (under California law, hospital not vicariously liable for medical technician's sexual assault even though it resulted from "solitude," "access," and physical contact associated with ultrasound procedure).

Moreover, Plaintiff's conclusory allegation that all Company Defendants knew or should have known of Mr. Combs' alleged history of assault does not support a claim for vicarious liability, because it does not affect the conclusion that the alleged act was outside the scope of employment. *See Alsaud*, 12 F. Supp. 3d at 678 ("even if Plaintiff had sufficiently pleaded that [company defendant] had direct knowledge of prior sexual misconduct on the part of [employee assailant], which she has not, that still would not give rise to respondeat superior liability in the absence of an allegation that the misconduct was part of any actual responsibility [employee] had to [company]"); *Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (holding that company defendant's alleged "notice of [employee's] propensity to commit sexual acts" from prior complaints was irrelevant to vicarious liability claim) (citing *Cronin v. Hertz Corp.*, 818 F.2d 1064, 1068 (2d Cir.1987)).

Moreover, even if it were relevant to his assault claim (it is not), Plaintiff's allegation that the Company Defendants could have foreseen and prevented any alleged assault is not supported

by a single factual allegation. Plaintiff does not allege any fact giving rise to the plausible inference that at the time of the alleged misconduct in 2022, any of the Corporate Defendants had knowledge of any purported propensities for misconduct. Instead, Plaintiff points to the mere fact of "numerous civil complaints" against Mr. Combs (Compl. ¶ 12), the earliest of which was filed in November 2023 (*Id.*). Allegations in unsubstantiated lawsuits a year after the alleged incident do nothing to shore up an allegation that in 2022 any of the Combs Defendants (let alone each of them) had any awareness of any purported propensity of misconduct. Nor does the Complaint plausibly allege how the Company Defendants—even if they had a knowledge of propensity—would have had any ability or responsibility to stop Mr. Combs from assaulting people at private parties off of company premises. *See*, *e.g.*, *Goldberg v. Sulzberger-Rolfe, Inc.*, 212 A.D.2d 408, 408 (1st Dep't 1995) (employer had no respondeat superior liability "as a matter of law" for employee's off-premises actions unrelated to his work duties); *see also Milosevic v. O'Donnell*, 89 A.D.3d 628, 629 (1st Dep't 2011) (dismissing negligence claim against employer where CFO allegedly assaulted coworker at an "at off-premises, after-hours company event[]").

## CONCLUSION

For the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Complaint against them in its entirety with prejudice.

Dated: March 11, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By: */s/ Mark Cuccaro*
Michael Tremonte
Mark Cuccaro
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004

9

                (212) 202-2600
                mtremonte@shertremonte.com
                mcuccaro@shertremonte.com
                ewolff@shertremonte.com
                rfriedman@shertremonte.com
                *Attorneys for Combs Defendants*

## **CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 8,750-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,803 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated:  March 11, 2025
        New York, New York

                                            Respectfully submitted,

                                            SHER TREMONTE LLP

                                    By:     */s/ Mark Cuccaro*