UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

John Doe,

        *Plaintiff*,　　　　　　　　　　　　　　No. 1:24-cv-07973-RA

    v.

SEAN COMBS, DADDY'S HOUSE RECORDINGS INC.,
CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a
COMBS ENTERPRISES LLC, BAD BOY
ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD BOY
RECORDS LLC, BAD BOY ENTERTAINMENT LLC,
BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL
DOES 1-10, and INDIVIDUAL DOES 1-10,

        *Defendants*.

--------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## THE COMBS DEFENDANTS' MOTION TO DISMISS

    Plaintiff JOHN DOE ("Plaintiff"), by and through his undersigned counsel Curis Law PLLC, hereby files this Memorandum of Law in Opposition to Defendants motion to dismiss Plaintiff's Complaint pursuant to § 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons set forth herein, the instant motion should be denied.

## PRELIMINARY STATEMENT

    Plaintiff was sexually assaulted by Defendant Sean Combs at a promotional party for Ciroc Vodka in 2022. Defendants Sean Combs, Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises LLC, Bad Boy Entertainment Holdings, Inc.,

Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (the "Combs Defendants" and, exclusive of Sean Combs, the "Corporate Defendants") move to dismiss Plaintiff's complaint (Dkt. 1) on two grounds. First, the Combs Defendants assert that Plaintiff's claim is untimely under CPLR 202 (New York's "borrowing statute") and New York's one-year statute of limitations for battery. Second, the Combs Defendants assert that the allegations of the Complaint fail as to the Company Defendants, who cannot be liable on a theory of vicarious liability under California or New York law. Defendants' arguments are misplaced and the Motion must be denied.

## **FACTUAL BACKGROUND**

In or around 2022, during a promotional party for the launch of Defendant Combs' Ciroc vodka, Combs sexually assaulted Plaintiff, a businessman from the Los Angeles area and owner of a family business specializing in renting luxury cars and jewelry. Over the previous years, Plaintiff had established a business relationship with Combs, who was a customer of his rental business, often renting vehicles or jewelry for himself or members of his entourage.

Combs personally invited Plaintiff to the Ciroc party. Plaintiff accepted based on the relationship he had built with Combs. Combs told Plaintiff that many other high-profile guests in the music and entertainment businesses would attend the party. Plaintiff saw the party as an opportunity to further promote himself and his business.

Once at the party, Plaintiff noticed numerous high-profile guests. Plaintiff took photographs of Combs and other celebrities present at the party.

During the party, Combs instructed Plaintiff to join him in Combs' private office. Plaintiff went into the office where the two were alone. Plaintiff assumed Combs wanted to have a discussion of some kind about business. However, Plaintiff immediately realized that Combs was

intoxicated and acting strangely. Combs then awkwardly moved closer to Plaintiff. As Combs did so, he removed his pants and exposed his genitals to Plaintiff. Combs continued to move closer, and then grabbed Plaintiff's genitals through his pants, squeezing them in a rough and sexual manner. Plaintiff, who was shocked, confused, and disoriented, was frozen momentarily and did not know how to respond to these unwanted and bizarre inappropriate sexual advances. Shortly thereafter, though, Plaintiff escaped from Combs and left the office. After escaping, Plaintiff left the party to return home.

Plaintiff has suffered significant emotional distress and trauma as the direct result of the above-described acts. Plaintiff continues to deal with psychological and emotional consequences of the events that happened in Combs' private office.

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Rule 12(b)(6), "[t]he appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Palkovic v. Johnson*, U.S. App. LEXIS 12600, *5 (2d Cir. Jun. 13, 2008). Therefore, in considering Defendant's motion to dismiss, the Court must accept as true all of the factual allegations in the Complaint and draw all inferences in Plaintiff's favor. *Rolon v. Henneman*, 517 F.3d 140, 142 (2d Cir. 2008). Further, the Court's task is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof. *Leavitt v. Bear Sterns & Co.*, 340 F.3d 94, 101 (2d Cir. 2007).

## ARGUMENT

**A.    This Action is Timely**

Defendants assert that New York's "borrowing statute," CPLR section 202, applies here and that New York's one-year statute of limitations for "assault" is correctly viewed as the applicable New York state limitations period to apply. Plaintiff does not contest that CPLR section

202 applies. However, Defendants have mischaracterized Plaintiff's claim as one merely for "assault" and so they fail to apprehend the applicable New York statute of limitation that should apply for purposes of CPLR section 202.

Plaintiff's claim arises under California law because California was the site of Combs' sexual assault of Plaintiff. California statute specifically provides for a cause of action for sexual battery. *See* CAL. CIVIL CODE § 1708.5. Dkt. 1 at ¶¶ 35-59. As with sexual assault laws around the country, California's cause of action is entirely distinct from the common-law tort of "assault," to which Defendants would reduce Plaintiff's claim.

The New York correlate statute of limitation likewise is not simple assault governed by CPLR 215(3). Rather, the New York correlate statute of limitation is CPLR 213-c governing actions by victims of "conduct constituting certain sexual offenses." *See* CPLR § 213-c. That statute of limitation provides for a period of twenty years in which to bring an action. *Id.* Plaintiff here was drugged (and therefore incapable of giving consent) and thereafter raped by defendant Combs. Accordingly, her claim falls within CPLR 213-c, and under CPLR 202, the shorter Florida statute of limitation applies – which, at four years, means that this action was timely filed as the events occurred in 2022 and Plaintiff's complaint was filed in 2024.

B.  **The Corporate Defendants Should Not Be Dismissed**

Beyond that, Defendants' argument that the complaint fails to allege any basis for the corporate defendants' liability ignores numerous well-pleaded allegations that the Combs Businesses existed and were run by Combs for the purpose of allowing him to commit the type of sexual assault described in the complaint. Moreover, it is simply too early to conclude that the

corporate defendants have no potential liability here. Finally, this argument, in any event, does not apply to Defendant Combs, who cannot and should not be dismissed under any of Defendants' arguments.

The Combs Defendants argue that the allegations against the Company Defendants are not specific enough under Rule 8. On a motion to dismiss, the Court's analysis of the plaintiff's claims is limited to the four corners of the pleading, the allegations of which are given liberal construction and accepted as true. *See Johnson v. Proskauer Rose LLP*, 129 A.D.3d 59 (1st Dept. 2015). As such, when considering a motion to dismiss a complaint, the sole criterion is whether the pleading states a cause of action, and if, from the complaint's four corners, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, motion for dismissal will fail. *See Pacific Carlton Development Corp. v. 752 Pacific, LLC*, 62 A.D.3d 677 (2nd Dept. 2009); *Ruffino v. New York City Transit Authority*, 55 A.D.3d 817 (2nd Dept. 2008); *see Sheridan v. Carter*, 48 A.D.3d 444 (2nd Dept. 2008); *Operative Cake Corp. v. Nassour*, 21 A.D.3d 1020 (2nd Dept. 2005).

Accordingly, on a motion to dismiss, a court should not resolve the merits of a claim by making factual determinations. *See T. Lemme Mechanical, Inc., v. Schalmont Cent. School Dist.*, 52 A.D.3d 1006 (3rd Dept. 2008). It is not the function of the Court to evaluate the merits of a case. *See Carbillano v. Ross*, 108 A.D.2d 776 (2nd Dept. 1985). Whether a plaintiff can ultimately establish her allegations is not part of the calculus in determining a motion to dismiss. *See Farber v. Breslin*, 47 A.D.3d 873 (2nd Dept. 2008). Rather, on a motion to dismiss, it is the trial court's duty to determine whether upon any rational construction of the evidence, trier of facts could find for plaintiff, and not to weigh proof. *See Choi v. Mann*, 104 A.D.2d 354 (2nd Dept. 1984). On a motion to dismiss for failure to state cause of action, any fact that can be fairly implied from the

pleadings will be deemed alleged. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

A pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to law, it cannot be dismissed. *See Schlackman v. Robin S. Weingast & Associates, Inc.*, 18 A.D.3d 729 (2nd Dept. 2005). If any portion of any cause of action is sufficient, it should not be dismissed on motion. *See Lacks v. Lacks*, 12 N.Y.2d 268 (1963); *Napoli v. St. Peter's Hospital of Brooklyn*, 213 N.Y.S.2d 6 (1961). When a cause of action may be discerned, no matter how poorly stated, the complaint should not be dismissed for failure to state cause of action. *See L. Magarian & Co., Inc., v. Timberland Co.*, 245 A.D.2d 69 (1st Dept. 1997).

Indeed, to survive a motion to dismiss for failure to state a cause of action, a pleading need only state allegations from which damages attributable to the named defendants conduct may reasonably be inferred. *See Fielding v. Kupferman*, 65 A.D.3d 437 (1st Dept. 2009). A motion to dismiss for failure to state a cause of action is available only where dispute pertains to law, not facts. *See Abrams v. Richmond County S.P.C.*, 125 Misc.2d 530 (1984); *New York State AFL-CIO v. Stimmel*, 105 Misc.2d 545 (1980).

The Complaint pleads in detail that Defendant Combs used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault. Complaint ¶¶ 2-10, 20, 24-30. It is premature at this juncture to grant defendants' motion as discovery has not yet commenced and the Company Defendants have yet to even answer the Complaint. Discovery may reveal that one or more of Combs' companies sponsored or was otherwise involved with the event Plaintiff attended, as was the case with so many of the events defendant Combs attended. It is significant to note that the information that plaintiff seeks is within

the exclusive knowledge of defendants and can only conclusively be ascertained through discovery and party depositions. In *Morris v. Goldstein*, 223 A.D. 2d 582 (2nd Dept. 1996), the Court held that defendant was not entitled to summary judgment since information concerning defendant's relationship with the defendant was within the exclusive knowledge of defendants and further disclosure was necessary.

Further, the Complaint pleads that the Corporate Defendants created the conditions by which Combs could pursue his tortious conduct. Generally, negligent hiring, retention, and supervision claims "require allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damage to others." *See Bumpus v. New York City Transit Authority*, 47 A.D.3d 653 (2d Dept. 2008). However, New York Courts, including the Court of Appeals, have held that a defendant may be held liable for creating the circumstances which lead to abuse, regardless of whether a defendant had prior notice of a perpetrator's abusive propensity. *See Bell v Bd. Of Educ.*, 90 N.Y.2d 944, 947 (1997), holding ("[t]he criminal intervention of third parties may, however, be a reasonably foreseeable consequence of circumstances created by the defendant." *See also John Doe v. Fulton School Dist.*, 35 A.D.3d 1194, 1195 (4th Dept. 2006) (holding that a jury could find that the injury to the plaintiff's son was a reasonably foreseeable consequence of the defendant district's failure to provide adequate supervision, even in the absence of notice of a prior sexual assault); *Coon v. Board of Educ.*, 160 A.D.2d 403, 403 (1st Dept. 1990) ("[t]he duty of a school district to supervise is unqualified and mandatory. Where duty to supervise is mandatory, notice is not an issue."); *Gonzalez v. Mackler*, 19 A.D.2d 229, 231 (1st Dept. 1963) (holding that even in the absence of allegations that there had been prior notice, issues of fact existed concerning whether the occurrence was proximately caused by the "omission to supply supervision").

Although an employer cannot be held vicariously liable "for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business,' the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee…The employer's negligence lies in having 'placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer take reasonable care in making decisions respecting the hiring and retention' of the employee." *Johansmeyer v. New York City Dept. of Ed.*, 165 A.D.3d 634 (2d Dept. 2018) (internal citations omitted). Here, the allegations of the Complaint show a possibility that the Company Defendants may be liable for, at minimum, a failure to supervise. Defendants' motion must therefore be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court deny Defendants Motion to Dismiss in its entirety.

Dated: April 29, 2025

                                          Respectfully submitted,

                                          **CURIS LAW, PLLC**

                                          By: */s/ Antigone Curis*

                                          **CURIS LAW, PLLC**
                                          Antigone Curis
                                          antigone@curislaw.com
                                          52 Duane Street, 7th Floor
                                          New York, New York 10007
                                          Phone: (646) 335-7220
                                          Facsimile: (315) 660-2610