UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOHN DOE,<br><br>                         Plaintiff,<br><br>- against -<br><br>SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a/ COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, ORGANIZATIONAL DOES 1-10, AND INDIVIDUAL DOES 1-10.<br><br>                         Defendants. | Case No. 24-cv-07973 (RA)<br><br>**ORAL ARGUMENT REQUESTED** |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE COMPLAINT AGAINST <u>THE COMBS DEFENDANTS</u>

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600
*Attorneys for Defendants Sean Combs, Daddy's House Recordings Inc., CEOpCo, LLC d/b/a Combs Global) f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC*

—

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................... 1

ARGUMENT .......................................................................................................................................... 1

I.    PLAINTIFF'S CLAIM IS UNTIMELY UNDER THE APPLICABLE NEW YORK STATUTE OF LIMITATIONS........................................................................... 1

II.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COMPANY DEFENDANTS ........................................................................................................... 5

CONCLUSION ...................................................................................................................................... 7

...

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adorno v. Corr. Servs. Corp.*,
  312 F. Supp. 2d 505 (S.D.N.Y. 2004) ........................................................................... 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ....................................................................................................... 5

*Bridgewater v. Taylor*,
  745 F. Supp. 2d 355 (S.D.N.Y. 2010) ........................................................................... 7

*Budha T. v. State of New York*,
  187 A.D.3d 1090 (2d Dep't 2020) ................................................................................. 2

*Bussey v. Phillips*,
  419 F. Supp. 2d 569 (S.D.N.Y. 2006) ........................................................................... 7

*C.Q. v. Est. of Rockefeller*,
  2021 WL 4942802 (S.D.N.Y. Oct. 21, 2021) ............................................................... 5

*Carroll v. Trump*,
  650 F. Supp. 3d 213 (S.D.N.Y. 2023) ........................................................................... 3

*Cavanaugh v. Northwell H., Inc.*,
  2025 WL 904314 (E.D.N.Y. Mar. 24, 2025) ................................................................ 6

*Cronin v. Hertz Corp.*,
  818 F.2d 1064 (2d Cir.1987) ......................................................................................... 7

*Claiborne v. Water of Life Cmty. Church*,
  2017 WL 9565337 (C.D. Cal. Aug. 25, 2017) .............................................................. 6

*DiPizio v. Empire State Dev. Corp.*,
  745 Fed. App'x 385 ........................................................................................................ 5

*Doe v. Alsaud*,
  12 F. Supp. 3d 674 (S.D.N.Y. 2014) ............................................................................. 6

*Doe v. Solebury Sch.*,
  2022 WL 1488173 (S.D.N.Y. May 11, 2022) .............................................................. 5

*Goshen v. Mut. Life Ins. Co. of New York*,
  286 A.D.2d 229 (1st Dep't 2001) ............................................................................. 2, 3

*Greer v. Fox Corp.*,
2022 WL 4093155 (S.D.N.Y. Sept. 7, 2022) ... 7

*J.W. v. Watchtower Bible & Tract Soc'y of New York, Inc.*,
29 Cal. App. 5th 1142 (2018) ... 6

*Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*,
12 Cal. 4th 291 (1995) ... 6

*Podany v. Robertson Stephens, Inc.*,
350 F. Supp. 2d 375 (S.D.N.Y. 2004) ... 7

*Reid v. McKelvey*,
2024 WL 4345585 (S.D.N.Y. Sept. 30, 2024) ... 3, 4

*S. H. v. Diocese of Brooklyn*,
205 A.D.3d 180 (2d Dep't 2022) ... 3, 4

*Samuel W. v. United Synagogue of Conservative Judaism*,
219 A.D.3d 421 (1st Dep't 2023) ... 3

*Thomas v. Regents of Univ. of California*,
97 Cal. App. 5th 587 (2023) ... 2

**Rules**

CPLR § 202 ... 1, 2

CPLR § 213-c ... passim

CPLR § 215(3) ... 2

**Other Authorities**

New York Bill Jacket 2006 S.B. 8441 ... 4

New York Bill Jacket 2019 S.B. 6574 ... 4

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim fails as a matter of law. Plaintiff's efforts in his opposition brief (ECF #68, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff's sole claim—for sexual assault—is time barred. As mandated by CPLR § 202, New York's one-year statute of limitations for assault must be applied, under which this claim is untimely. This claim is not subject to CPLR § 213-c's extended statute of limitations for certain sexual crimes under the New York Penal Code because this statute does not apply to nonresidents alleging sexual misconduct that occurred outside of New York.

Moreover, even if Plaintiff's claim was timely (it is not), Plaintiff has utterly failed to plead a basis to hold any of the Company Defendants liable for the alleged assault. Nor is Plaintiff entitled to discovery to hunt for a claim against the Company Defendants that could pass muster at the pleading stage.

For these reasons, the Complaint should be dismissed in its entirety against the Combs Defendants.

## ARGUMENT

### I. PLAINTIFF'S CLAIM IS UNTIMELY UNDER THE APPLICABLE NEW YORK STATUTE OF LIMITATIONS

Plaintiff calls his sole cause of action "Sexual Assault and Sexual Harassment" (Compl. ¶¶ 48-52). Plaintiff agrees that this claim is properly viewed as a species of assault or battery,

---

[1] Abbreviations defined in the initial moving brief (ECF # 56, "MOL") are used again herein.

1

and does not assert that he is stating a sexual harassment claim. *See* Opp. at 4. In any event, there is no common law claim for sexual harassment under California law or New York law, and Plaintiff does not assert any statutory basis for such a claim. *See Thomas v. Regents of Univ. of California*, 97 Cal. App. 5th 587, 622 (2023) ("a common law cause of action for sexual harassment . . . does not exist") (collecting cases); *Budha T. v. State of New York*, 187 A.D.3d 1090 (2d Dep't 2020) ("New York does not recognize an independent, common-law cause of action to recover damages for sexual harassment") (collecting cases).

The parties agree that under CPLR § 202, the applicable statute of limitations is the <u>shorter</u> of New York's or California's limitations period. *See* Opp. at 3-4.[2] This means that New York's one-year statute of limitations for assault or battery governs. *See* CPLR § 215(3). The only assault or battery alleged in the Complaint occurred in 2022. *See* Compl. ¶ 36. Accordingly, Plaintiff's claim had expired at the time this case was filed in October 2024.

Plaintiff incorrectly asserts that his claim is subject to a 20-year limitations period under CPLR § 213-c, but this statute does not apply to non-resident plaintiffs alleging conduct that occurred out of state. Where it applies, CPLR § 213-c may extend the default one-year statute of limitations for an intentional tort if the alleged conduct would constitute one of several sexual offenses under the New York Penal Law. *See* CPLR § 213-c. However, it is a "settled rule of statutory interpretation, that unless expressly stated otherwise, no legislation is presumed to be intended to operate outside the territorial jurisdiction of the state . . . enacting it." *Goshen v. Mut. Life Ins. Co. of New York*, 286 A.D.2d 229, 230 (1st Dep't 2001) (quotation marks and citation omitted). For this reason, the Appellate Division has limited the reach of the Child Victims Act (the "CVA")—which similarly extends the normal limitations period for claims based on

---

[2] The Opposition contains a reference to Florida's statute of limitations that appears to be erroneously copied from briefing for another case. *See* Opp. at 4.

2

conduct constituting a New York sex crime—to cases where either the victim is a resident of New York or the alleged conduct occurred in New York. *See S. H. v. Diocese of Brooklyn*, 205 A.D.3d 180, 190 (2d Dep't 2022) ("CPLR 214-g [the Child Victim's Act] does not apply extraterritorially, where the plaintiff is a nonresident, and the alleged acts of sexual abuse were perpetrated by a nonresident outside of New York."); *Samuel W. v. United Synagogue of Conservative Judaism*, 219 A.D.3d 421, 422 (1st Dep't 2023) (following *S.H.* and finding that CVA applied only because "plaintiff was a New York resident at the time the action accrued"); *see also Reid v. McKelvey*, 2024 WL 4345585, at *3 (S.D.N.Y. Sept. 30, 2024) ("CPLR 214-g does not apply extraterritorially . . . to the limited extent that courts have applied the CVA to instances of sexual assault that occurred outside of New York, they have done so only when both the perpetrator and the victim were New York residents at the time of the assault.") (quotation marks and citation omitted). CPLR § 213-c, like the CVA, does not "expressly state[]" that it was intended to apply extraterritorially, and thus it cannot. *Goshen*, 286 A.D.2d at 230. Therefore, the extended limitations period that CPLR § 213-c provides may only be invoked by plaintiffs who resided in New York or who were injured in New York.

The CVA, the Adult Survivor's Act (the "ASA"), and CPLR § 213-c all had the same legislative purpose and were intended to complement each other. *See Carroll v. Trump*, 650 F. Supp. 3d 213, 220 (S.D.N.Y. 2023) (quoting ASA's legislative history describing the bills enacting the CVA and amending CPLR § 213-c: "Both bills were predicated on the widespread recognition that New York's existing statutes of limitations were insufficient in giving survivors of these heinous crimes enough time to pursue justice . . ."); *see also id.* at 220 (stating that ASA's lookback window was passed because CPLR § 213-c's limitations period extension "did not fully solve the problem the Legislature sought to address with respect to civil claims"). The overlapping

3

legislative history and objectives between the CVA and CPLR § 213-c is further evidence that they were intended to have the same territorial restrictions.

The legislative history of CPLR § 213-c further supports a finding that the New York legislature only intended to extend the limitations period for cases that occur in, or involve residents of, New York State. One of the stated goals of this statute was to bring New York in line with other states that had more lenient statutes of limitation for cases involving sexual crimes. *See* New York Bill Jacket, 2006 S.B. 8441,[3] Ch. 3 (noting more lenient limitations periods for sexual crimes in "at least a dozen other states"); *see also* New York Bill Jacket, 2019 S.B. 6574,[4] Ch. 315 (noting that"[o]ver the last year, . . . states across the country are lengthening or eliminating the statutes of limitations on crimes of sexual violence," and that "this bill would increase the time period in which the victim could bring a civil suit for these offenses"). In other words, CPLR § 213-c was designed to afford New York residents and visitors protections available in other "states across the country," by extending New York's statute of limitations for certain sex crimes, in both criminal and civil contexts.

Here, Plaintiff does not and cannot plead that the alleged assault has the required connection to New York to render CPLR § 213-c applicable. Plaintiff alleges that he resides in California. Compl. ¶ 23. The only sexual assault alleged in the Complaint occurred in Los Angeles. *Id.* ¶¶ 36-45. Accordingly, the alleged conduct does not fall within the territorial reach of CPLR § 213-c. *See S. H. v. Diocese of Brooklyn*, 205 A.D.3d 180, 190 (CVA did not extend limitations period for Florida resident alleging sexual assault in Florida); *Reid*, 2024 WL 4345585 at *3 (similar).

---

[3]   This bill initially enacted CPLR § 213-c in 2006.

[4]   This bill introduced the 2019 Amendment which extended CPLR § 213-c's extension of the civil limitations period from 5 years to 20 years.

## II.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST THE COMPANY DEFENDANTS

Even if Plaintiff's sole assault claim were not time-barred (it is), Plaintiff has not alleged any facts that could support holding the Company Defendants liable for Mr. Combs' alleged commission of this intentional tort. The Opposition does not attempt to refute that both California and New York law only permit vicarious liability for acts committed within the scope of employment, and that the alleged assault was not even arguably related to the Company Defendants' businesses. *See* MOL at 6-8. Nor does Plaintiff deny that the Complaint lumps all of the Company Defendants together without pleading any specific acts attributable to specific defendants. *See* MOL at 5-6.

Plaintiff offers in response the conclusory statement that Mr. Combs "used the various companies he controlled for purposes of accomplishing his ulterior motives of sexual exploitation and assault." Opp. at 6. This argument fails because the Complaint does not allege any concrete facts indicating that any Company Defendant was involved in any way in the alleged assault. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *DiPizio v. Empire State Dev. Corp.*, 745 Fed. App'x 385 (granting 12(b)(6) motion after "[s]tripping away the complaint's 'conclusory statements'—none of which are entitled to an assumption of truth") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Moreover, even if it were factually supported by any allegations (it is not), the contention that Mr. Combs abused his authority at the Company Defendants to facilitate an assault would still not render them liable for his acts outside the scope of their business. *See C.Q. v. Est. of Rockefeller*, 2021 WL 4942802, at *2-4 (S.D.N.Y. Oct. 21, 2021) (employee's misuse of employer's apartment to engage in sexual abuse could not be imputed to employer); *Doe v.*

5

*Solebury Sch.*, 2022 WL 1488173, at *3-4 (S.D.N.Y. May 11, 2022) (school not vicariously liable for sexual assaults committed on campus by teacher abusing position of authority); *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 303 (1995) (under California law, hospital not vicariously liable for medical technician's sexual assault even though he relied on the "solitude," "access," and physical contact associated with ultrasound procedure).

Plaintiff also incorrectly suggests that the Company Defendants could be liable for an intentional tort under a negligent hiring or supervision theory. *See* Opp. at 7-8. But negligence is not a basis for holding a company liable for the intentional tort of assault, which is Plaintiff's sole cause of action. *See Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (noting higher "scope of employment" standard for vicarious liability for an intentional tort, as distinguished from negligence) (citing *Cronin v. Hertz Corp.*, 818 F.2d 1064, 1068 (2d Cir.1987)); *Doe v. Alsaud*, 12 F. Supp. 3d 674, 678 (S.D.N.Y. 2014) (same); *Claiborne v. Water of Life Cmty. Church*, 2017 WL 9565337, at *6 (C.D. Cal. Aug. 25, 2017) (rejecting negligence as a basis for respondeat superior liability against a company for an intentional tort)*; J.W. v. Watchtower Bible & Tract Soc'y of New York, Inc.*, 29 Cal. App. 5th 1142, 1164 (2018) (noting contrast between direct liability for negligence and vicarious liability for an intentional tort, the latter requiring that "the employee must have been acting within the scope of his employment at the time of the wrongdoing"). Nor have any facts been alleged that could support an (unpled) negligent hiring claim[5]: the alleged sexual assault of a non-employee off-premises was neither foreseeable nor preventable by the Company Defendants. *See* MOL at 8-9.

---

[5] Courts do not "rewrite" complaints for represented plaintiffs. *Cavanaugh v. Northwell H., Inc.*, 2025 WL 904314, at * 9 (E.D.N.Y. Mar. 24, 2025) (dismissing claim where plaintiff named a single cause of action, but argued "in her briefing" that she intended a second, unpled, cause of action based on only "glancing references" in the complaint because, *inter alia*, plaintiff was "represented, and thus not entitled to a liberal construction of her pleading").

6

Plaintiff's only other argument is that he should be permitted to conduct discovery to hunt for a valid claim against the Company Defendants. Opp. at 6. This argument fails. "A plaintiff does not have a right to engage in early discovery in order to bolster his arguments at the motion to dismiss stage." *Greer v. Fox Corp.*, 2022 WL 4093155, at *6 (S.D.N.Y. Sept. 7, 2022); *see also Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) ("allowing the plaintiff to conduct discovery in order to piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to streamline litigation by dispensing with needless discovery and factfinding where the plaintiff has failed to state a claim under the law") (quotation marks omitted); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 591-92 (S.D.N.Y. 2006) ("To the extent that [plaintiff] is arguing that additional discovery would allow him to amend his complaint to state a viable claim, the Court is similarly unpersuaded . . . discovery is not intended to be a fishing expedition.") (quotation marks omitted); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim").

## CONCLUSION

For the foregoing reasons, the Combs Defendants respectfully request that the Court issue an order dismissing the Complaint against them in its entirety with prejudice.

Dated: May 30, 2025
      New York, New York

                                       Respectfully submitted,

                                       SHER TREMONTE LLP

                                       */s/ Mark Cuccaro*
                                       Mark Cuccaro
                                       Michael Tremonte
                                       Erica A. Wolff


        Raphael A. Friedman
        90 Broad Street, 23rd Floor
        New York, NY 10004
        (212) 202-2600
        mcuccaro@shertremonte.com
        mtremonte@shertremonte.com
        ewolff@shertremonte.com
        rfriedman@shertremonte.com
        *Attorneys for Combs Defendants*

**CERTIFICATION OF COMPLIANCE**

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,268 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: May 30, 2025
       New York, New York

                                            Respectfully submitted,

                                            SHER TREMONTE LLP

                              By:    */s/ Mark Cuccaro*
                                            Mark Cuccaro