UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOHN DOE,

                    Plaintiff,

        v.

SEAN COMBS, DADDY'S HOUSE
RECORDINGS, INC., CE OPCO, LLC d/b/a
Combs Global f/k/a Combs Enterprises LLC, BAD
BOY ENTERTAINMENT HOLDINGS, INC.,
BAD BOY PRODUCTIONS HOLDINGS, INC.,
BAD BOY BOOKS HOLDINGS, INC., BAD
BOY ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS LLC, ORGANIZATIONAL
DOES 1–10 and INDIVIDUAL DOES 1–10,

                    Defendants.

No. 24-cv-7973 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff "John Doe," a Los Angeles businessman, brings this action for sexual assault and harassment against Defendants Sean Combs, Daddy's House Recordings, Inc., CE OPCO, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, Bad Boy Productions LLC, Organizational Does 1–10 and Individual Does 1–10, asserting claims for sexual assault and harassment under California law.  Before the Court is Doe's motion to proceed anonymously in this action.  For the reasons that follow, the motion is denied.

## BACKGROUND

The following facts are drawn from the complaint and assumed to be true for purposes of this motion.  *See Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020).  Combs is a famous musician and record executive who also built a portfolio of prominent ventures in the

entertainment and apparel industries. Dkt. No. 1 ("Compl.") ¶ 3. Over the years, Combs formed a business relationship with Doe, who runs a Los Angeles firm that rents luxury cars and jewelry to celebrities and other wealthy clientele. *Id.* ¶ 36. In 2022, Combs personally invited Doe to attend a promotional party for Cîroc vodka, a brand that Combs was heavily promoting and reportedly owned a stake in. *Id.* ¶¶ 1, 38. At some point during the event, Combs told Doe to join him in his private office. *Id.* ¶ 40. Doe obliged, assuming that Combs wished to talk business. Once the two were alone in the office, however, Combs appeared intoxicated and started moving closer to Doe. *Id.* ¶ 41. Combs proceeded to remove his pants and expose his genitals. *Id.* He then allegedly "grabbed Plaintiff's genitals through his pants, squeezing them in a rough and sexual manner." *Id.* ¶ 42. Doe momentarily froze, unsure of how to respond. Although situation briefly "escalated," an unnamed professional athlete entered the office and intervened. *Id.* ¶ 44. Doe fled the office and left the party. *Id.* ¶ 45.

Doe commenced this suit on October 20, 2024, filing it under the "John Doe" pseudonym. Dkt. No. 1. Because Doe had not received leave of Court to proceed anonymously, the Court ordered him to file a motion seeking that permission. Dkt. No. 12. After Doe filed the motion, the Court provisionally granted him leave to proceed under a pseudonym until Defendants had an opportunity to respond, and further ordered that Doe file a renewed motion within 30 days of service. Dkt. No. 17. Doe filed his renewed motion to proceed anonymously on January 13, 2025, Dkt. No. 34, which Defendants opposed on March 11, 2025, Dkt. No. 58. Doe did not file a reply.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." A district court, however, has "discretion to grant an exception" and "allow a party to proceed under a pseudonym." *Doe v. Alexander*, No. 25-cv-1631 (JAV), 2025 WL 784913, at *1 (S.D.N.Y. Mar.

12, 2025). "[W]hen determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

The Second Circuit has set forth ten non-exhaustive factors for courts to balance when ruling on a motion to proceed anonymously. These are:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically, to innocent non-parties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his or her age;

(5) whether the suit is challenging the actions of the government or that of private parties;

(6) whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of the prejudice (if any) differs at any

particular stage of the litigation, and whether any prejudice can be mitigated by the

district court;

(7) whether the plaintiff's identity has thus far been kept confidential;

(8) whether the public's interest in the litigation is furthered by requiring the

plaintiff to disclose his identity;

(9) whether, because of the purely legal nature of the issues presented or otherwise,

there is an atypically weak public interest in knowing the litigants' identities; and

(10) whether there are any alternative mechanisms for protecting the confidentiality

of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189–90.  "[A] district court is not required to list each of the factors

or use any particular formulation as long as it is clear that the court balanced the interests at stake

in reaching its conclusion."  *Id.* at 191 n.4.

## DISCUSSION

This action is one of the many in which a plaintiff has sought leave to proceed anonymously

in bringing sexual assault or harassment claims against Combs.  *See Doe v. Combs*, No. 24-cv-

7776 (NRB), 2025 WL 1079038, at *2 (S.D.N.Y. Apr. 9, 2025) (collecting cases).  "To date, every

judge to consider such a request has rejected it."  *Doe v. Combs*, No. 24-cv-7974 (JMF), 2025 WL

1132305, at *1 (S.D.N.Y. Apr. 8, 2025); *see also Doe v. Combs*, No. 24-cv-8024 (VEC), 2025 WL

1397092, at *2 (S.D.N.Y. May 13, 2025).  Although Doe urges the Court to reach a different result,

the Court joins the unanimous authority in this district and concludes that he may not proceed by

pseudonym here.

## I.    Factor One:  Matters of a Highly Sensitive and Personal Nature

The first *Sealed Plaintiff* factor asks whether the litigation involves matters of a highly sensitive and personal nature.  *See* 537 F.3d at 190.  This case meets that criterion, as it involves allegations of sexual assault—a "paradigmatic example[]" of a "highly sensitive and personal claim[]." *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. May 3, 2021) (internal quotation marks omitted).  Critically, however, "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Doe v. Alexander*, No. 25-cv-2107 (LJL), 2025 WL 1126617, at *2 (S.D.N.Y. Apr. 16, 2025) (internal quotation marks omitted); *see also, e.g.*, *Doe v. Combs*, No. 24-cv-8852 (JPC), 2025 WL 950685, at *2 (S.D.N.Y. Mar. 28, 2025); *Alexander*, 2025 WL 784913, at *2; *Doe 1 v. Branca USA, Inc.*, No. 22-cv-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Weinstein*, 484 F. Supp. 3d 90, 94 (S.D.N.Y. 2020).  Were the rule otherwise, every adult sexual assault claimant would automatically be eligible to proceed anonymously.  *Branca*, 2022 WL 2713543, at *2.  While this factor tilts in Doe's direction, it does not by itself entitle him to proceed via pseudonym.

## II.    Factors Two and Three:  Risk of Physical Retaliation or Mental Harm and Likelihood and Severity of the Harm

The second and third factors consider the potential risks of disclosing the plaintiff's identity, specifically "whether disclosure of the plaintiff's name in the course of the lawsuit would uniquely cause harm and how grave the resultant harm would prove to be." *Alexander*, 2025 WL 784913, at *3 (internal quotation marks omitted).  A plaintiff must therefore "establish with sufficient specificity the incremental injury that would result from disclosure of h[is] identity." *Id.* (internal quotation marks omitted).  "[S]peculative claims of physical or mental harms are insufficient to bolster a request for anonymity." *Doe v. Combs*, No. 24-cv-7777 (LJL), 2025 WL

722790, at *3 (S.D.N.Y. Mar. 6, 2025) (quoting *Doe v. Skyline Autos. Inc.*, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019)).

Doe offers no more than speculation here.  While he asserts that other victims have been threatened by Combs, he does not allege that Combs has directed such threats at him, or even been in any contact with him whatsoever since the 2022 incident.  *See Combs*, 2025 WL 1397092, at *3.  Combs, moreover, is presently under criminal indictment and is in federal custody in the Metropolitan Detention Center.  *See Combs*, 2025 WL 1079038, at *2 n.4.  Doe has thus failed to articulate any more than a "speculative risk[]" that revealing his identity would lead to retaliation. *Id.* (internal quotation marks omitted).

Doe further asserts that revealing his identity would trigger "unwanted attention from the media" that would cause him "extreme psychological distress."  Dkt. No. 36 ("Doe Br."). at 6. Although the Court does not doubt the truth of that assertion, a plaintiff must allege more than "public humiliation"—he must provide "corroboration from medical professionals that detail the risk to plaintiff."  *Combs*, 2025 WL 950685, at *3 (internal quotation marks omitted); *see also Doe v. Combs*, No. 23-cv-10628 (JGLC), 2024 WL 863705, at *3 (S.D.N.Y. Feb. 29, 2024) (collecting cases).  That corroborating evidence generally "must detail how revealing [P]laintiff's name in particular, as opposed to the trauma that could occur through reliving the experience through litigation, would cause harm."  *Combs*, 2024 WL 863705, at *3.  Doe provides no such evidence, and the Court cannot "speculate about the nature and severity of any mental injury from disclosure."  *Weinstein*, 484 F. Supp. 3d at 95 (internal quotation marks omitted).  Because Doe does not establish with "sufficient specificity" the risk of retaliation or mental harm, factors two and three weigh against granting his motion.  *Alexander*, 2025 WL 784913, at *3 (internal quotation marks omitted).

### III.    Factor Four:  Vulnerability and Age of Plaintiff

The fourth *Sealed Plaintiff* factor considers "whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . particularly in light of his age."  *Sealed Plaintiff*, 537 F.3d at 190.  This factor weighs in a plaintiff's favor when he or she is a minor, as "[c]ourts have been readier to protect the privacy interest of minors in legal proceedings than of adults."  *See Combs*, 2025 WL 722790, at *3 (internal quotation marks omitted).  Doe is an adult here, however, which tilts this factor against him.  *See Alexander*, 2025 WL 1126617, at *3; *Combs*, 2025 WL 950685, at *4; *Alexander*, 2025 WL 784913, at *3.

### IV.    Factor Five:  Government or Private Actor

The Court must also consider "whether the suit . . . challeng[es] the actions of the government or that of private parties."  *Sealed Plaintiff*, 537 F.3d at 190.  A plaintiff's interest in proceeding anonymously is stronger where "a lawsuit challenges governmental actions, actors, or policies."  *Combs*, 2025 WL 950685, at *4 (internal quotation marks omitted).  Defendants are all private individuals, so this factor weighs against granting Doe's motion.

### V.    Factor Six:  Prejudice to Defendant

Factor six examines "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously."  *Sealed Plaintiff*, 537 F.3d at 190.  "In assessing whether such prejudice exists, courts examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously."  *Combs*, 2025 WL 950685, at *5 (internal quotation marks omitted).

Doe contends that Defendants will not be prejudiced in any way by an anonymous proceeding, since his identity is not needed at this stage of the proceedings.  *See* Doe Br. at 7.  But that argument oversimplifies the ways in which anonymous proceedings can prejudice defendants.

Even if Doe's identity were disclosed to Defendants, "concealment of [his] identity from the public can still hamper defendants' ability to conduct discovery." *Doe v. Freydin*, No. 21-cv-8371 (NRB), 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021). For example, "persons with information about Plaintiff or [his] allegations that would be helpful to the defense but were unknown to the defendant might not come forward." *Alexander*, 2025 WL 784913, at *3 (alterations and internal quotation marks omitted). This is especially true in a "[h]ighly publicized case[]" like this one, which often "cause unknown witnesses to surface." *Doe v. Combs*, 24-cv-8054 (MKV), 2024 WL 4635309, at *5 (S.D.N.Y. Oct. 30, 2024) (internal quotation marks omitted). "[I]f Plaintiff's name is kept from the public, information about only [Defendants] may thus come to light." *Id.* Accordingly, this factor weighs against granting Doe's motion.

## VI.    Factor Seven:  Status of Confidentiality in the Proceedings

The Court next considers whether Doe has kept his identity confidential. Doe asserts that he has, as he has not "spoken publicly" about his accusations. Doe Br. at 8. While this does leave open the possibility that Doe has told others in private the incident, nothing indicates that his identity has leaked into the public domain. This factor thus weighs in his favor.

## VII.   Factors Eight and Nine:  The Public Interest

The eighth factor considers "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. "Courts have put weight on the right of the public to know the identity of the litigants as well as on the interest of the accused to be able publicly to confront the accuser." *Branca*, 2022 WL 2713543, at *2. Courts therefore require "something more . . . to rebut the presumption of public access, at least in cases involving adult sexual assault, and that something more frequently has to be evidence of real (and

not conclusory) harm that is substantial and that will flow directly from and is directly linked to disclosure of the party's name." *Id.*

As discussed, Doe has not provided evidence of such harm. Instead, he submits that denying his motion would create a "chilling effect" by deterring other survivors of sexual assault from coming forward. Doe Br. at 5, 8. However, the "generalized interest in encouraging sexual assault victims to come forward has been repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity," *Alexander*, 2025 WL 784913, at *4 (collecting cases), and thus that argument does not alter the Court's analysis, *see also Combs*, 2025 WL 950685, at *5; *Doe v. Combs*, No. 24-cv-8810 (LAK), 2025 WL 268515, at *4 (S.D.N.Y. Jan. 22, 2025) (denying leave to proceed anonymously despite "potential chilling effect" because "furthering this interest does not require maintaining the anonymity of *every* person who alleges sexual assault or other misconduct of a highly personal nature." (internal quotation marks omitted)).

Nor does the ninth factor apply in this case. That factor asks "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190. Doe's "claims are factual in nature, which weighs against anonymity." *Combs*, 2025 WL 950685, at *5 (internal quotation marks omitted). Accordingly, these factors weigh against granting Doe's motion.

## VIII.  Factor Ten:  Alternative Protections

Finally, the tenth factor considers "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Sealed Plaintiff*, 537 F.3d at 190. "Plaintiff can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly

sensitive information or a protective order." *Combs*, 2025 WL 950685, at *6; *see also Alexander*, 2025 WL 784913, at *5 (same).  Accordingly, this factor weighs against Doe.

## CONCLUSION

In sum, factors one and seven weigh in Doe's favor, while the remaining eight point the other way.  Doe has thus not "sufficiently demonstrated that [his] interest in anonymity outweighs the prejudice to Defendants and the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Alexander*, 2025 WL 784913, at *5 (internal quotation marks omitted).  Accordingly, the motion to proceed anonymously is denied.  Within seven days of this order, Doe shall file an amended complaint with his true name.  Failure to do so will result in dismissal of this action without prejudice.  The Clerk of Court is respectfully directed to terminate the motion pending at docket number 34.

SO ORDERED.

Dated:    June 23, 2025
          New York, New York

_____
Ronnie Abrams
United States District Judge