UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

EMAN BARZI,

                   Plaintiff,

     v.

SEAN COMBS, DADDY'S HOUSE
RECORDINGS INC., CE OPCO, LLC d/b/a
COMBS GLOBAL f/k/a COMBS ENTERPRISES
LLC, BAD BOY ENTERTAINMENT HOLDINGS,
INC., BAD BOY PRODUCTIONS HOLDINGS,
INC., BAD BOY BOOKS HOLDINGS, INC., BAD
BOY RECORDS LLC, BAD BOY
ENTERTAINMENT LLC, BAD BOY
PRODUCTIONS, LLC, ORGANIZATIONAL
DOES 1-10, and INDIVIDUAL DOES 1-10,

                 Defendants.

</td><td>

24-CV-7973 (RA)

<u>MEMORANDUM
OPINION AND ORDER</u>

</td></tr>
</table>

RONNIE ABRAMS, United States District Judge:

      Plaintiff Eman Barzi seeks to recover damages for an alleged sexual assault by Sean Combs

at a party in California in 2022. The Defendants—Sean Combs and corporate entities affiliated

with him (the "Combs Businesses")—move to dismiss Barzi's claims as time-barred as to Combs

and inadequately plead as to the Combs Businesses. For the reasons that follow, the Court agrees

and dismisses Barzi's claims, albeit without prejudice and with leave to amend.

## BACKGROUND

      Barzi alleges that Sean Combs sexually assaulted him at a party in California, sometime in

2022. Dkt. 71 ("Am. Compl.") ¶ 36.[1] At this party, which was a "promotional party for the launch

of Combs' [Cîroc] vodka drink," Combs instructed Barzi to join him in Combs' private office. *Id.*

---

[1] The Court draws the following facts from the Amended Complaint, *see* Dkt. 71, and accepts them as true for purposes
of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

¶¶ 36, 40.  While the two were alone there, Combs allegedly exposed his genitals to Barzi.  *Id.* ¶ 41.  Barzi then claims that Combs grabbed his genitals "through his pants, squeezing them in a rough and sexual manner."  *Id.* ¶ 42.  The encounter ended when another individual entered the office and intervened, *id.* ¶ 44, after which Barzi left the party and returned home.  *Id.*¶ 45.

Barzi now brings a set of claims under California law, styled in the Amended Complaint as "Sexual Assault and Sexual Harassment."  *Id.* ¶ 48.  He brings one claim against Combs personally, asserting that he "intentionally touched Plaintiff in a harmful or offensive manner."  *Id.* ¶ 49.  He further alleges that the Combs Businesses "enabled and conspired with Combs to commit the crime of falsely imprisoning Plaintiff because Combs sexually assaulted Plaintiff at a party related to or referencing [the] Combs Business[es]."  *Id.* ¶ 52.  He also states that the Combs Businesses "had and/or should have had knowledge of Combs using such parties and venues" related to the Combs Businesses for "sexual assault and gender-motivated violence," and "did nothing to stop it."  *Id.* ¶ 52.  Barzi seeks compensatory damages for physical injuries and emotional distress, punitive damages, and fees and costs.  *Id.* ¶ 54.

Barzi filed his Complaint on October 20, 2024, *see* Dkt. 1 ("Compl.") and amended it after the Court denied his motion to proceed anonymously.  After Defendants filed a motion to dismiss, Dkt. 56 ("Def. Mot."), Barzi timely opposed, Dkt. 68 ("Pl. Opp'n"), and Defendants replied.  Dkt. 69 ("Def. Repl.").  Oral argument was held on February 3, 2026.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).[2]  Courts must therefore accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff.  *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).  At this stage, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).

## DISCUSSION

Combs, and the Combs Businesses, argue that (1) Doe's claim against Combs is time-barred, and (2) Doe has failed to state a claim against the Combs Businesses.

### A.  Individual Defendant

Defendants argue that Barzi's sexual battery claim against Combs is time-barred.[3]  The Court agrees.

In this diversity action filed in New York, the Court is obligated to apply "the New York choice-of-law rules and statutes of limitation." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998).  New York's borrowing statute, N.Y. C.P.L.R. § 202, provides that "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either:  (1) New York; or (2) the state where the cause of action accrued." *Thea v. Kleinhandler*, 807 F.3d 492, 497 (2d Cir. 2015).

Under California law, a two-year statute of limitations applies to general "assault, battery, and personal injury actions." *Bianco v. Warner*, 562 F. Supp. 3d 526, 531 (C.D.C.A. 2021); *see*

---

[2] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

[3] "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015).

Cal. Code Civ. Proc. § 335.1.  Section 340.16 of the same code, however, "extends the statute of limitations for adults who have suffered sexual assault," to "10 years from the date of the last act, attempted act, or assault with the intent to commit an act, of sexual assault against the plaintiff." *Bianco*, 562 F. Supp. 3d at 531; *see* Cal Code Civ. Proc. § 340.16.[4]

Barzi brings one claim for "Sexual Assault and Sexual Harassment under California Law" arising out of an encounter with Combs "[i]n or around 2022."  Am. Compl. ¶¶ 36, 48.  In his briefing in opposition to the Motion to Dismiss, and at oral argument, Barzi's counsel clarified that he is suing under California's statutory cause of action for sexual battery.  *See* Cal. Civ. Code § 1708.5; Pl. Opp'n at 4; Tr. at 2:5–10.  Under California Civil Code Section 1708.5, "[a] person commits sexual battery who . . . [a]cts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results."  Cal. Civ. Code § 1708.5; *see, e.g.*, *Lucius v. Erewhon Mkt.*, 2026 WL 130578, at *4 (C.D.C.A. Jan. 15, 2026).  Barzi has adequately plead sexual battery against Combs under California law because he has alleged that "Combs . . . grabbed Plaintiff's genitals through his pants, squeezing them in a rough and sexual manner."  Am. Compl. ¶ 42.

Because "there is no independent tort for sexual assault in New York," the analogous New York cause of action to California's statutory cause of action for sexual battery is the intentional tort of battery.  *Doe v. Hall*, 116 N.Y.S.3d 866, 866 (Sup. Ct. N.Y. Cnty. 2019) (citing *Freihofer v. Hearst Corp.*, 65 N.Y.2d 135, 140 (1985)).  New York law provides for a one-year period of limitations for intentional torts.  N.Y. C.P.L.R. § 215(3).  Section 213-c of the C.P.L.R., however, establishes a twenty-year period of limitations for "all civil claims . . . brought by any person for

---

[4] Barzi, in his brief in opposition, erroneously argues that Florida's statute of limitations would somehow apply to this claim.  Pl. Opp'n at 4.  That reference to Florida law appears, however, to have been cut and pasted from a brief in another case; at oral argument, counsel for Barzi conceded that Florida law is "not applicable" to Barzi's claim. Tr. at 3:8–12.

physical, psychological, or other injury or condition suffered by such person as a result of conduct which would constitute" various sexual offenses under the New York penal law, including rape and first-degree aggravated sexual abuse. *Tate v. Combs*, 2025 WL 1446828, at *1 (S.D.N.Y. May 20, 2025). "Critically, Section 213-c does not revive actions that would otherwise be time-barred." *Id.* at *2.

The parties initially disputed, in their briefing, whether the applicable New York period of limitations is one year, pursuant to Section 215(3), or twenty years, pursuant to Section 213-c. At oral argument, however, counsel for Barzi conceded that Section 213-c would not apply to his claims, and that, instead, the Court should essentially ignore the borrowing statute altogether and apply the California limitations period instead. Tr. at 5:10–22. For the reasons that follow, the Court holds that Barzi does not allege conduct falling within the scope of Section 213-c, the Court is bound to apply New York's borrowing statute, and the applicable period of limitations for his claim is one year.

In his brief in opposition, Barzi claims that because he was "drugged . . . and thereafter raped by defendant Combs," Section 213-c's twenty-year period of limitations would apply to his claim for the purposes of the borrowing statute. Pl. Opp'n at 4. But as Barzi's counsel concedes, he has not alleged facts in the Amended Complaint that would constitute rape or aggravated sexual abuse in the first degree under New York law. Tr. at 5:10–22. As applicable here, Barzi does not allege vaginal, oral, or anal sexual contact, which is an essential element of rape in the first, second, or third degrees under the New York penal law. *See* N.Y. Penal Law § 130.35 (rape in the first degree); *id.* § 130.30 (rape in the second degree), *id.* § 130.25 (rape in the third degree). Likewise, conduct constituting aggravated sexual abuse in the first degree requires allegations that a "foreign object" was inserted in the "urethra, penis, rectum or anus of another person." *Id.* § 130.70.

Accordingly, the allegations in the Amended Complaint—which amount to forceable touching of Barzi's genitals over clothing—simply do not describe conduct that would constitute any of the enumerated offenses in Section 213-c.

The applicable New York statute of limitations to Barzi's claim is, therefore, the typical one-year statute of limitations for assault and battery claims under the C.P.L.R.  N.Y. C.P.L.R. § 215(3); *see, e.g.*, *Leib-Podry v. Tobias*, 2024 WL 1421152, at *7 (S.D.N.Y. Feb. 13, 2024) ("A [civil] cause of action for sexual assault is subject to a one-year statute of limitation in New York"); *Sharon B. v. Reverend S.*, 244 A.D.2d 878, 879 (4th Dep't 1997) (noting, before the enactment of Section 213-c, that "sexual abuse is an intentional tort subject to a one-year Statute of Limitations").  Because the applicable California statutes of limitations are either two or ten years, the Court need not determine which applies to Barzi's claim:  under New York's borrowing statute, which requires the use of the shorter statute of limitations for out-of-state claims against New York defendants, the applicable statute of limitation for Barzi's claim is one year.

At oral argument, counsel for Barzi raised a new argument, which she did not brief, that the Court should apply the California statute of limitations for statutory sexual battery claims, in contravention of the borrowing statute, because "there is no analogous statute" in New York explicitly creating the intentional tort of sexual battery.  Tr. at 7:2–24.  This argument is without merit; counsel cited no authority in support of this proposition, and the Court can find none. Instead, New York courts have consistently held that where a "state does not have causes of action directly analogous to the New York causes of actions, the limitations period of . . . [that state's] causes of action that are most closely analogous to the New York claims are to be applied." *Andes Petrol. Ecuador, Ltd. v. Occidental Petrol. Co.*, 213 A.D.3d 403, 404 (1st Dep't 2023); *see, e.g.*, *Wultz v. Bank of China Ltd.*, 306 F.R.D. 112, 115 (S.D.N.Y. 2013) (similar).

Barzi's claim against Combs is thus time-barred.

### B. Corporate Defendants

Next, as Defendants rightly contend, the Amended Complaint does not clearly state a cause of action against the Combs Businesses. The Amended Complaint includes conclusory allegations, without reference to a specific cause of action, that the Combs Businesses "worked in concert and conspired with Combs to allow him to engage in [the alleged] behavior," and that "the Combs Business[es] had and/or should have had knowledge of Combs using such parties and venues for this unlawful conduct, and did nothing to stop it." Am. Compl. ¶¶ 51–52. At oral argument, counsel for Barzi indicated that she intended to bring vicarious liability and negligent hiring and retention claims against the Combs Businesses, and requested leave to amend to clarify the allegations against these defendants. Tr. at 2:11–17.

Because Barzi does not state a timely claim against Combs for an intentional tort, Barzi's vicarious liability claim against the Combs Businesses fails. *See, e.g.*, *DiFilippi v. Huntington Hosp.*, 203 A.D.2d 321, 321 (2d Dep't 1994) (noting that an employer's vicarious liability is subject to the same statute of limitations as the underlying tort).

Barzi has not clarified whether New York or California law would apply to his claim against the Combs Businesses. Regardless of which state's law applies, however, Barzi has failed to adequately plead a negligent hiring and retention claim. "Under New York law, a claim for negligent hiring, supervision or retention, in addition to the standard elements of negligence, requires a plaintiff to show: (1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and, (3) that the tort was committed on the employer's premises or with the employer's chattels." *Bouchard v.*

*N.Y. Archdiocese*, 719 F. Supp. 2d 255, 261 (S.D.N.Y. 2010). The Amended Complaint does not allege, for example, that Combs was an employee of any particular corporate defendant. *See, e.g.*, *Moore Charitable Found. v. PJT Partners, Inc.*, 195 N.Y.S.3d 436, 445–46 (2023) (noting that the "employer-employee relationship gives rise to a duty," on behalf of the defendant company, "to properly supervise and oversee the conduct of employees"). Nor does it allege that any individual Combs Business or combination of Combs Businesses "exercised any dominion or control" over the premises where the alleged assault took place. *Doe v. Alsaud*, 12 F. Supp. 3d 674, 684 (S.D.N.Y. 2014); *see, e.g.*, *Ehrens v. Lutheran Church*, 385 F.3d 232, 236 (2d Cir. 2004).

If California law applies, dismissal is warranted for similar reasons. "To establish liability for negligent hiring and retention claims under California law, "a plaintiff must demonstrate the elements of negligence: duty, breach, proximate causation, and damages. There are two elements necessary for a duty to arise in negligent hiring and negligent retention cases—the existence of an employment relationship and foreseeability of the injury." *Acevedo v. eXp Realty, LLC*, 713 F. Supp. 3d 740, 803 (C.D.C.A. 2024) (emphasis omitted). As discussed, because the Amended Complaint does not allege that Combs was employed by any particular corporate defendant, Barzi has also not adequately plead a negligent hiring or retention claim under California law.

Barzi maintains that he should have the opportunity to take early discovery to remedy these pleading deficiencies. Def. Repl. at 7. His request is denied. "A plaintiff does not have a right to engage in early discovery in order to bolster his arguments at the motion to dismiss stage." *Greer v. Fox Corp.*, 2022 WL 4093155, at *6 (S.D.N.Y. Sept. 7, 2022); *see, e.g.*, *In re Alper Holdings USA, Inc.*, 398 B.R. 736, 754 (S.D.N.Y. 2008) (denying a similar request for a "fishing expedition"); *Alsaud*, 12 F. Supp. 3d at 683 ("Dismissal of the negligent hiring clams cannot be avoided by speculation as to what discovery might reveal.").

Barzi thus does not state a claim against the Combs Businesses.

## C.  Leave to Amend

Finally, at oral argument, counsel for Barzi requested leave to amend, which Defendants opposed.  Tr. at 6:3–8, 12:24–13:2.  Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave" to amend a complaint "when justice so requires."  The Supreme Court has further instructed that it would be an abuse of discretion for a district court to deny leave to amend without some justification.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  One such justification is that amendment would be futile.  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "Claims barred by an applicable statue of limitations are futile."  *Jones v. City of New York*, 571 F. Supp. 3d 118, 126 (S.D.N.Y. 2021).  "Where the possibility exists," however, that defects in a complaint "can be cured, leave to amend at least once should normally be granted unless doing so would prejudice the defendant."  *Laborers Local 17 Health and Ben. Fund v. Phillip Morris, Inc.*, 26 F. Supp. 2d 59, 605 (S.D.N.Y. 1998); *see also Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC*, 797 F.3d 160, 190–91 (2d Cir. 2015) (noting that plaintiffs should ordinarily be given leave to replead with "the benefit of a ruling" on a motion to dismiss).  The Court is skeptical that Barzi will be able to allege additional facts sufficient to state a claim against Combs that is not time-barred.  But counsel for Defendants did not identify any prejudice which would accrue from amendment.

Accordingly, the Court grants Barzi leave to amend his claims against both Combs and the Combs Businesses, so long as he has a good-faith basis to do so.

## CONCLUSION

Because Barzi alleges that the conduct at issue in this suit occurred in 2022, and his Complaint was not filed until October 2024, his suit falls outside the applicable one-year

limitations period for his claim against Combs.  Furthermore, he has not adequately pled the elements of a negligent hiring, supervision, or retention claim against the Combs Businesses. Accordingly, the Court grants Defendants' motion and dismisses the Amended Complaint without prejudice and with leave to amend, so long as Barzi has a good-faith basis to do so.  The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 55.

SO ORDERED.

Dated:    February 10, 2026
          New York, New York

_____
Ronnie Abrams
United States District Judge