UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMAN BARZI,<br><br>                           Plaintiff,<br><br>                      v.<br><br>SEAN COMBS, DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY RECORDS LLC, BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS, LLC, ORGANIZATIONAL DOES 1-10, and INDIVIDUAL DOES 1-10,<br><br>                           Defendants. | 24-CV-7973 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

On February 10, 2026, the Court, by Memorandum Opinion and Order, dismissed Plaintiff Eman Barzi's Amended Complaint without prejudice and with leave to amend. Dkt. 77. To date, Barzi has not filed a Second Amended Complaint. Barzi shall have until Friday, April 17, 2026 to do so, so long as he has a good-faith basis. If Barzi does not intend to file a Second Amended Complaint, he shall notify the Court by the same date.

Furthermore, the Court raises, *sua sponte*, the issue of its subject-matter jurisdiction over this action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Barzi asserts that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, Dkt. 71 ("Am. Compl.") ¶ 32, which grants "federal courts . . . original jurisdiction in cases involving parties with diverse citizenship." *Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC*, 75 F. Supp. 2d 279, 281 (S.D.N.Y. 1999).[1]

---

[1] Unless otherwise indicated, quotations omit all internal citations, quotation marks, footnotes, and omissions, and adopt alterations.

Although the parties did not raise this issue in their briefing regarding Defendants' motion to dismiss, *see* Dkt. 55, the Court now observes at least two potential jurisdictional deficiencies in the Amended Complaint.

First, Barzi has only alleged that he "resides in California," but has not indicated where he is domiciled. Am. Compl. ¶ 23. "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes," *Van Buskirk v. United Grp. Of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019), and a plaintiff "must allege facts about where . . . [he] is domiciled" where he "invokes diversity of citizenship . . . as a basis for subject matter jurisdiction." *Hayes v. ASCAP (NFPO) (Inc.)*, 2024 WL 3598543, at *5 (S.D.N.Y. July 26, 2024). Barzi's allegation that he resides in California is insufficient for the Court to exercise diversity jurisdiction because his citizenship cannot be determined from other facts alleged in the Amended Complaint. *See John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967).

Second, if Barzi is indeed domiciled in California, and thus a citizen of California, *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000), complete diversity does not exist between Barzi and each Defendant. Complete diversity is required for this Court to exercise diversity jurisdiction over this action. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "For the purpose of establishing diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and in which it has its principal place of business." *Powers v. Fox Television Stations, Inc.*, 907 F. Supp. 719, 721 (S.D.N.Y. 1995); *see* 28 U.S.C. § 1332(c)(1). If a defendant is a limited-liability company, "its citizenship for diversity purposes is the citizenship of its members." *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 696 (S.D.N.Y. 2013). Here, Barzi has alleged that Defendants Bad Boy Entertainment Holdings, Inc. and Bad Boy Productions Holdings, Inc. have their principal places of business in

California, rendering them citizens of California for diversity purposes.  Am. Compl. ¶ 27(a)–(b).

Furthermore, Barzi has alleged that Defendants Bad Boy Entertainment LLC and Bad Boy

Productions LLC may have members who are citizens of California, which would also render those

entities citizens of California for diversity purposes.  *Id.* ¶ 27(d)–(e) (alleging that all members of

these entities are "citizens of New York and/or California").  If a plaintiff alleging that a federal

court has diversity jurisdiction over an action "shares citizenship of the same state as any

defendant, complete diversity does not exist," and "the court simply has no power to hear the case."

*Wynston Hill Cap., LLC v. Crane*, 628 F. Supp. 3d 540, 545 (S.D.N.Y. 2022).

The Court expects that these jurisdictional deficiencies may be remedied in any Second

Amended Complaint by, for example, alleging domicile and dropping nondiverse parties if they

are not indispensable to this action.  *See, e.g.*, *Samaha v. Presbyterian Hosp. In City of N.Y.*, 757

F.2d 529, 531 (2d Cir. 1985) (per curiam); *Durant, Nichols, Houston, Hodgson & Cortese-Costa

P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (noting that a court may "allow a complaint to be

amended to assert those necessary facts" for "the establishment of diversity jurisdiction").  If Barzi

does not submit a Second Amended Complaint by Friday, April 17, 2026, the Court will direct the

Clerk of Court to close this case.

SO ORDERED.

Dated:    April 9, 2026
          New York, New York

Hon. Ronnie Abrams
United States District Judge